# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COTTAGE HEALTH SYSTEM, d/b/a ) <br> SANTA BARBARA COTTAGE HOSPITAL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL O. LEAVITT, Secretary, ) <br> Health and Human Services, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> _____ ) | Case Number: 1:08-cv-0098 (JDB) |

## ANSWER TO PLAINTFF'S AMENDED COMPLAINT

Defendant, Michael O. Leavitt, the Secretary of Health and Human Services (the "Secretary"), by and through his undersigned counsel, hereby answers Plaintiff's Amended Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant answers the numbered paragraphs of the Amended Complaint, using the same numbering contained in the Amended Complaint, as follows:

1. The first three sentences of this paragraph contain Plaintiff's characterization of this action to which no response is required. Denies the fourth sentence.

2. The first and second sentences of this paragraph contain Plaintiff's characterizations of the Medicare statute, to which no response is required. Denies the third sentence.

3. Defendant lacks information or knowledge sufficient to form a belief as to the truth or

falsity of the first and second sentences. Denies the third sentence.

    4. Denies.

    5. This paragraph contains conclusions of law, to which no response is required.

    6. Denies, except to admit that the Secretary determined that Plaintiff failed meet the written agreement condition for Medicare reimbursement of GME and IME costs. See Administrative Record ("A.R.") 1-17.

    7-8. Denies.

    9. Denies the first sentence of this paragraph. The second sentence contains Plaintiff's request for relief, to which no response is required.

    10-12. These paragraphs contain conclusions of law, to which no response is required.

    13-15. Admits.

    16. This paragraph contains Plaintiff's characterization of this action and conclusions of law, to which no response is required.

    17-19. These paragraphs contain Plaintiff's characterizations of various provisions of the Medicare statute and regulations, to which not response is required.

    20. Admits.

    21. This paragraph contains Plaintiff's characterization and partial quotation of a Medicare regulation and a CMS Administrator's decision, to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the cited regulation and decision.

    22. Admits.

    23. This paragraph contains Plaintiff's characterization of a Medicare regulation and a

decision by this Court, to which no response is required. Defendant denies any such characterization and respectfully refers the Court to the cited regulation and decision.

24-28.  These paragraphs contain Plaintiff's characterizations of the Medicare statute and regulations, to which no response is required.

29.  This paragraph contains conclusions of law and Plaintiff's characterization of the Administrative Procedure Act, to which no response is required.

30-31.  Admits.

32.  Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the first sentence of this paragraph, and on that basis denies. The second sentence of this paragraph does not contain factual allegations, and thus no response is required.

33-35.  These paragraphs contain Plaintiff's characterizations of its position before the Provider Reimbursement Review Board ("PRRB"), to which no response is required.

36.  Denies, except to admit that the PRRB issued a decision in this case dated September 28, 2007.  A.R. 41.

37.  Admits.  By way of further answer, Defendant avers that two members of the PRRB issued a dissenting opinion finding that the intermediary's denial of IME and GME payments with respect to Hospital discharges of Medicare HMO enrollees was proper.

38-40.  Admits.

41.  Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of this paragraph.

42-45.  These paragraphs contain Plaintiff's characterizations of the Medicare statute and regulations, and of decided cases, to which no response is required.

46. Admits.

47. This paragraph contains Plaintiff's characterizations of the Medicare statute and regulations, to which no response is required.

48. This paragraph contains Plaintiff's characterizations of a judicial decision, to which no response is required.

49. Admits.

50-53. These paragraphs contain Plaintiff's characterizations of the Medicare statute and regulations, to which no response is required.

54. Admits.

55. This paragraph contains Plaintiff's characterizations of the Medicare statute and a Medicare regulation, to which no response is required.

56-57. Admits.

58-62. These paragraphs contain Plaintiff's characterizations of the Medicare statute and regulations, to which no response is required.

63. This paragraph contains Plaintiff's characterizations and partial quotations from the Federal Register, to which no response is required.

64. The first sentence contains a quotation from the Federal Register, to which no response is required. The second sentence contains a conclusion of law, to which no response is required.

65-67. These paragraphs contain Plaintiff's characterizations of and partial quotations from Federal Register notices and Medicare regulations, to which no response is required.

68. Admits.

69-72.  These paragraphs contain Plaintiff's characterizations of and quotations from the Program Memorandum, to which no response is required.

73.  Admits.

74-79.  These paragraphs contain Plaintiff's characterizations of and quotations from Exhibit 17 before the PRRB, to which no response is required.  A.R. 521.

80.  Denies

81-84.  These paragraphs contain Plaintiff's characterizations of Federal Register notices and a Medicare regulation, to which no response is required.

85-88.  These paragraphs contain Plaintiff's characterizations of and quotations from a Program Memorandum, to which no response is required.  A.R. 260.

89-102.  These paragraphs contain Plaintiff's characterizations of and partial quotations from its Exhibits 5-16 before the PRRB, to which no response is required.  Defendant denies any such characterizations and respectfully refers the Court to the cited Exhibits for a complete and accurate statement of their contents.  A.R. 325-519.

103.  Admits.

104-108.  These paragraphs contain Plaintiff's characterizations of the Medicare statute and regulations, and portions of the Federal Register, to which no response is required.

109.  This paragraph contains Plaintiff's characterizations of and a partial quotation from a letter from the CMS Administrator, to which no response is required.  To the extent a response is deemed necessary, Defendant denies any such characterizations and respectfully refers the court to the cited exhibit.

110-11.  Theses paragraphs contain Plaintiff's characterizations of and partial quotations

from a portion of the Federal Register, to which no response is required.

112. This paragraph contains Plaintiff's characterizations of a Medicare regulation, to which no response is required.

113-15. These paragraphs contain Plaintiff's characterizations of and partial quotations from portions of the Federal Register and a CMS Program Memorandum, to which no response is required.

116-22. Admits.

123. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of this paragraph, and on that basis denies.

124-27. Admits.

128-129. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of these paragraphs. By way of further answer, Defendant avers that it was his policy that a contemporaneous written agreement was required during the periods of time in question.

130. Denies the first sentence of this paragraph, except to admit that the Intermediary determined that the Plaintiff did not have a written agreement in place that complied with the Medicare regulations and policies. Admits the second sentence.

131. Denies, except to admit that Plaintiff and/or Plaintiff's counsel, in anticipation of litigation, had many staff physicians sign a Memorandum of Understanding in 2005 purportedly restating and clarifying an alleged pre-existing agreement that apparently did not exist for the time periods at issue here.

132-33. These paragraphs contain Plaintiff's characterizations of Plaintiff's Exhibit 38

before the PRRB, to which no response is required.  A.R. 996-1029.

    134-36.  Denies.

    137.  This paragraph contains Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed to be required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

    All allegations contained in the Amended Complaint not heretofore specifically admitted, modified, or denied are hereby generally denied as completely as if separately and specifically denied.

    Defendant respectfully requests that the Court enter judgment dismissing this action with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

    The Secretary will filed separately a certified copy of the administrative record.

    Respectfully submitted,

    /s/
JEFFREY TAYLOR
United States Attorney
D.C. Bar No. 498610

    /s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
New York Registration No. 4202982
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-0372
(202) 514-8780 (fax)

7

                                            /s/
BRETT BIERER
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room C2-05-23
7500 Security Boulevard
Baltimore, Maryland 21244-1850
(410) 786-1473
(410) 786-5187 (fax)

OF COUNSEL:

JAMES C. STANSEL
Acting General Counsel

JANICE L. HOFFMAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
    Counsel for Litigation

United States Department of
    Health and Human Services